

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2008 DEC 15 AM 8:42

[signature]
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| NICKY L. REED, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV208-136 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR207-21) |
| | ) | |
| Respondent. | ) | |

## ORDER

Movant Nicky Reed ("Reed"), who is currently incarcerated at the Federal Correctional Institution in Forrest City, Arkansas, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his Motion, Reed asserts this Court lacked jurisdiction to convict him of receiving child pornography and that he was prosecuted pursuant to an invalid law. Reed also asserts Joseph East ("East"), his appointed counsel, was ineffective for several reasons. Reed contends East failed to conduct an adequate pretrial investigation into Reed's childhood to present mitigating evidence to the Court. Reed avers East "betrayed" his advocacy role. Reed alleges East constructively denied him the right to file a direct appeal and failed to object to erroneous allegations the Government made. Reed also alleges East did not allow him

to speak at the allocution hearing or to present mitigating evidence. Finally, Reed asserts his guilty plea was coerced.

The Government contends it has spoken with East, who advised the Government he had no post-sentencing discussions with Reed or any of his family members concerning the filing of a direct appeal. According to the Government, East said he did not have a discussion with Reed because the Court "clearly advised Reed of his appeal rights at sentencing." (Doc. No. 5, p. 5). The Government concedes that Reed has the right to file an out-of-time appeal in his criminal case in light of Thompson v. United States, 504 F.3d 1203 (11th Cir. 2007), which was decided eight (8) days after Reed's sentencing. The Eleventh Circuit Court of Appeals found that a criminal defense attorney has a duty to adequately consult a client about his right to appeal, which requires "advising the client about the advantages and disadvantages of taking an appeal, *and* making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." Thompson, 504 F.3d at 1206 (emphasis in original). Once a court determines whether counsel fulfilled his duty to adequately consult his client, the question turns to whether counsel's "failure to do so prejudiced the defendant." Id. at 1207. "[T]o establish that he was prejudiced by counsel's failure to file an appeal, [a defendant] must show that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. (internal punctuation and citation omitted).

Reed's direct appeal of the conviction and sentence he obtained in this Court is a matter of right. While there may be some question as to whether Reed asked East to file an appeal on his behalf, there is no question East did not adequately consult Reed

on any appellate issues. Accordingly, Reed shall have a period of thirty (30) days in which to file an out-of-time notice of appeal. The Court will appoint substitute counsel to file an appeal on Petitioner's behalf. Reed's motion to vacate, set aside, or correct his sentence, filed pursuant to 28 U.S.C. § 2255, is **DISMISSED**, without prejudice.

**SO ORDERED**, this 15 day of December, 2008.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA